1   PHILIP A. LEIDER (Cal. Bar No. 229751)
2   JOREN S. AYALA-BASS (Cal. Bar No. 208143)
    LEIDER + AYALA-BASS LLP
3   One Market Plaza, Spear Tower, Floor 36
    San Francisco, CA 94105
4   Telephone: (415) 215-8397
    Facsimile:  (510) 350-9115
5   philip@leiderlegal.com
6   joren@leiderlegal.com

7   Attorneys for Defendant
    SUNWORKS UNITED, INC.

8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

13   SIDNEY NAIMAN, individually and on behalf       Case No. 3:18-cv-04272-TSH
     of all others similarly situated,
14                                                   SUNWORKS UNITED, INC.'S
                     Plaintiff,                      ANSWER TO CLASS ACTION
15                                                   COMPLAINT
              v.
16
     SUNWORKS UNITED, INC.; and Does 1
17   through 10, inclusive, and each of them,

18                   Defendants.

19

20

21

22

23

24

25

26

27

28

Defendant Sunworks United, Inc. ("Sunworks"), answers the Complaint for Violations of (1) Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227(b)]; (2) Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227(b)]; (3) Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227(c)]; and (4) Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227(c)] (the "Complaint") filed by Sidney Naiman against it as follows:

## NATURE OF THE CASE

1.      Sunworks admits that Plaintiff filed the Complaint against Sunworks, which commenced this action, and that Plaintiff seeks damages and other remedies against Sunworks. Except as expressly admitted, Sunworks denies the allegations of paragraph 1 and further denies that Plaintiff (or any member of the purported putative classes) is entitled to any relief against Sunworks in this action.

## JURISDICTION & VENUE

2.      The allegations in Paragraph 2 constitute legal conclusions to which no response is required.  To the extent a response is required, Sunworks acknowledges that Plaintiff purports to bring suit on behalf of a nationwide class that includes class members who are residents of different states and that Plaintiff purports to seek, in aggregate, more than $5 million, but Sunworks denies that any claim is properly asserted or that Plaintiff has suffered any injury or has standing to assert any claim on behalf of himself or a putative class.  Except as expressly admitted, Sunworks denies the allegations of paragraph 2.

3.      The allegations in Paragraph 3 constitute legal conclusions to which no response is required.  To the extent a response is required, Sunworks admits that it does business within the State of California.  Except as expressly admitted, Sunworks denies the allegations of paragraph 3.

## PARTIES

4.      Sunworks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5.      Sunworks admits it is a corporation that provides and sells solar power systems and is a "person" as defined in 47 U.S.C. § 153(39).

6.      Sunworks admits that it has been named as a Defendant in the Complaint.  The remaining allegations in paragraph 6 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

7.      Sunworks denies the allegations of paragraph 7.

## FACTUAL ALLEGATIONS

8.      Sunworks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9.      Sunworks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10.     Sunworks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11.     The allegations in paragraph 11 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

12.     Sunworks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13.     The allegations in paragraph 13 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

14.     Sunworks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

15.     Sunworks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16.     The allegations in paragraph 16 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

17.     Sunworks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18.     The allegations in paragraph 18 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

19.     Sunworks denies the allegations of paragraph 19.

## CLASS ALLEGATIONS

20.     Sunworks admits that Plaintiff purports to bring this action on behalf of himself and other similarly situated.  Sunworks denies that Plaintiff or any member of the purported putative class is entitled to any relief.

21.     Sunworks admits that Plaintiff purports to define a class.  Except as expressly admitted, Sunworks denies the allegations of paragraph 21 and further denies that this action is appropriate as a class action or otherwise.

22.     Sunworks admits that Plaintiff purports to define a class.  Except as expressly admitted, Sunworks denies the allegations of paragraph 22 and further denies that this action is appropriate as a class action or otherwise.

23.     Sunworks admits that Plaintiff purports to define a class that allegedly includes himself.  Except as expressly admitted, Sunworks denies the allegations of paragraph 23 and further denies that this action is appropriate as a class action or otherwise.

24.     Sunworks admits that Plaintiff purports to define a class that allegedly includes himself.  Except as expressly admitted, Sunworks denies the allegations of paragraph 24 and further denies that this action is appropriate as a class action or otherwise.

25.     Sunworks admits that it, its employees and agents are excluded from the purported class definitions.  Except as expressly admitted, Sunworks denies the allegations of paragraph 25.

26.     The allegations in paragraph 26 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

27.     The allegations in paragraph 27 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

28.     The allegations in paragraph 28 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

29.     The allegations in paragraph 29 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

30.     The allegations in paragraph 30 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

31.     The allegations in paragraph 31 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

32.     The allegations in paragraph 32 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

33.     The allegations in paragraph 33 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

34.     The allegations in paragraph 34 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

35.     The allegations in paragraph 35 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

36.     The allegations in paragraph 36 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

## FIRST CAUSE OF ACTION

37.     Sunworks incorporates by reference paragraphs 1 through 36, inclusive, of this Answer as though set forth in full herein.

38.     The allegations in paragraph 38 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

39.     The allegations in paragraph 39 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

40.     The allegations in paragraph 40 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

## SECOND CAUSE OF ACTION

41.     Sunworks incorporates by reference paragraphs 1 through 40, inclusive, of this Answer as though set forth in full herein.

42.     The allegations in paragraph 42 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

43.     The allegations in paragraph 43 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

44.     The allegations in paragraph 44 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

## THIRD CAUSE OF ACTION

45.     Sunworks incorporates by reference paragraphs 1 through 44, inclusive, of this Answer as though set forth in full herein.

46.     The allegations in paragraph 46 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

47.     The allegations in paragraph 47 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

48.     The allegations in paragraph 48 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

## FOURTH CAUSE OF ACTION

49.     Sunworks incorporates by reference paragraphs 1 through 48, inclusive, of this Answer as though set forth in full herein.

50.     The allegations in paragraph 50 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

51.     The allegations in paragraph 51 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

52.     The allegations in paragraph 52 constitute a legal conclusion to which no response is required.  To the extent a response is required, Sunworks denies the allegations.

## RESPONSE TO PRAYER FOR RELIEF

With respect to Plaintiff's prayer for relief, Sunworks denies that Plaintiff or any member of the purported putative classes is entitled to any relief against Sunworks, including any relief stated in the subparts thereof.

## AFFIRMATIVE DEFENSES

Without admitting any facts alleged in the Complaint, Sunworks asserts and alleges the following separate and additional defenses.

### FIRST AFFIRMATIVE DEFENSE

1.     The Complaint and its purported claims for relief fail to state facts sufficient to constitute a claim for relief against Sunworks.

### SECOND AFFIRMATIVE DEFENSE

2.     The Complaint and its purported claims for relief are barred because Plaintiff has not sustained any injury or damage as a result of any act or omission of Sunworks.

### THIRD AFFIRMATIVE DEFENSE

3.     The Complaint and its purported claims for relief are barred in whole or in part as a result of Plaintiff's failure to mitigate damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff is barred from maintaining a class action based on the following grounds: (a) joinder of all members of the purported classes is not practicable; (b) there are no questions of fact or law common to all purported members of the classes; (c) the claims asserted in the Complaint are not "typical" of claims of the purported classes; (d) representative parties will not fairly and adequately protected the interests of the purported classes; (e) facts common to the purported classes do not predominate over questions affecting only individual members; and (f) a class action lawsuit is not a superior method for fair and efficient adjudication of this matter.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff lacks standing to bring any of the purported claims for relief alleged in the Complaint as a class action or as a representative of a purported class of "similarly situated" class members.

### SIXTH AFFIRMATIVE DEFENSE

6.     The Complaint and its purported claims for relief are barred in whole or in part by the doctrine of consent.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEVENTH AFFIRMATIVE DEFENSE**

7.      The Complaint and its purported claims for relief are barred in whole or in part by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      The Complaint and its purported claims for relief are barred in whole or in part by the doctrine of waiver and/or ratification.

**NINTH AFFIRMATIVE DEFENSE**

9.      The Complaint and its purported claims for relief are barred in whole or in part by the doctrine of estoppel.

**TENTH AFFIRMATIVE DEFENSE**

10.     The Complaint and its purported claims for relief are barred in whole or in part by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     The Complaint and its purported claims for relief are barred in whole or in part by the doctrine of laches.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     The Complaint and its purported claims for relief are barred because Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom Sunworks had no control.  The acts of such third parties constitute intervening or superseding causes of the damages, if any, suffered by Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     Plaintiff is barred from bringing his claims because he consented to receive pre-recorded message calls and auto-dialed calls on his cell phone.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     The Complaint and its purported claims for relief are barred because Sunworks' telephone system is not an "automatic telephone dialing system" under the TCPA and thus did not violate the TCPA.

1

**FIFTEENTH AFFIRMATIVE DEFENSE**

2
3

15.    The Complaint and its purported claims for relief are barred because any award would constitute unjust enrichment.

4

**SIXTEENTH AFFIRMATIVE DEFENSE**

5
6
7
8
9

16.    Plaintiff and members of the putative classes are barred from bringing their claims, in whole or in part, by the doctrine of recoupment and/or set-off.  Sunworks is entitled to offset and recoup against any judgment that may be entered for Plaintiff or any class members for all obligations owing to Sunworks, including but not limited to any unpaid account balances and/or damages incurred.

10

**SEVENTEENTH AFFIRMATIVE DEFENSE**

11
12
13

17.    Plaintiff and members of the putative classes are barred from bringing their claims because Sunworks did not willfully or knowingly violate the Telephone Consumer Protection Act or any of its regulations.

14

**EIGHTEENTH AFFIRMATIVE DEFENSE**

15
16
17

18.    Plaintiff and members of the putative classes are barred from bringing their claims because Sunworks substantially complied with the Telephone Consumer Protection Act and its regulations.

18
19
20
21

Sunworks specifically reserves all separate or affirmative defenses that it may have against each putative class member—it is not possible at this time for Sunworks to delineate all such defenses against the putative class members because no classes have been certified (if any can be, which Sunworks denies) and the putative class members are not parties to the litigation.

22
23
24
25

Sunworks also expressly reserves and asserts all affirmative defenses available under any applicable law.  Sunworks reserves its right to supplement its Answer and to assert additional defenses in the event that discovery or other means indicate that such additional defenses would be applicable.

26

WHEREFORE, Sunworks requests the following relief:

27

A.    That Plaintiff take nothing by way of the Complaint;

28

B.    For judgment in Sunworks' favor and for an award of the costs of suit incurred,

1    including attorney's fees to the extent allowed by law; and

2        C.    For such other and further relief as the Court deems just and proper.

3

4    DATED:  October 25, 2018          By:  /s/ Joren S. Ayala-Bass
           Philip A. Leider (Cal. Bar No. 229751)

5              Joren S. Ayala-Bass (Cal. Bar No. 208143)
          LEIDER + AYALA-BASS LLP

6              One Market Plaza, Spear Tower, Floor 36
          San Francisco, CA 94105

7              Telephone: (415) 215-8397
          Facsimile:  (510) 350-9115

8              philip@leiderlegal.com

9              joren@leiderlegal.com

10             Attorneys for Defendant
          SUNWORKS UNITED, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTESTATIONS**

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned certifies that on October 25, 2018, he caused this document to be electronically filed with the Clerk of the Court using the CF/ECF system, which will send notification of filing to counsel of record for each party.

By:  /s/ Joren S. Ayala-Bass

Joren S. Ayala-Bass